**MINNESOTA POWER & LIGHT COM-PANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

**No. 17680.**

United States Court of Appeals
Eighth Circuit.

April 7, 1965.

Vogel, Circuit Judge, dissented.

Robert C. Woodbury and Robert George Schuur, New York City, and Francis C. Sullivan, of Sullivan, McMillan, Hanft & Hastings, Duluth, Minn., with Harry A. Poth, Jr., New York City, on the brief, for petitioner.

Josephine H. Klein, Atty., Federal Power Commission, Washington, D. C., made argument. Richard A. Solomon, Gen. Counsel, Federal Power Commission; Howard E. Wahrenbrock, Solicitor, and Joseph B. Hobbs, Atty., Federal Power Commission, Washington, D. C., on the briefs, for respondent.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

MATTHES, Circuit Judge.

This is a proceeding to review and set aside an order of the Federal Power Commission (Commission) requiring Minnesota Power & Light Company (petitioner) to file application for license under the Act for the continued maintenance and operation of its Little Falls Project.

Petitioner, a public utility, was originally organized in 1906 as the Duluth Edison Electric Co., and reorganized as the Minnesota Power & Light Company in 1923. It acquired the project under consideration from the Little Falls Company in 1924.

Petitioner and the Commission agree that the legal issues in this case are substantially the same as those in Northwest Paper Company et al. v. Federal Power Commission, 344 F.2d 47 (8 Cir.) decided by opinion filed this day. According to the petitioner there are "substantial" factual differences whereas the Commission asserts "none of these differences is of substantial legal significance." We agree with the Commission.

On July 3, 1886, a Special Act of Congress was approved (24 Stat. 123) providing in material part:

"* * * That it shall be lawful for the Little Falls Water-Power Company of Minnesota to improve and develop the water-power in the Mississippi River at Little Falls, in the State of Minnesota, by constructing, maintaining, and operating in said river, at said Little Falls, dams, piers, sluice ways, canals, locks, ponds, break-waters, abutments, and mill sites for manufacturing purposes * * *.

"Sec. 2. That the right to alter, amend, or repeal this act is hereby expressly reserved."

Pursuant to the foregoing authority, the permittee completed the initial construction in and across the Mississippi River about 1887. The project was comprised of a timber crib dam at the present powerhouse site and a rock crib dam to provide a logging pond and divert water to a paper company canal. Mill buildings (razed around 1920) were equipped with water wheels for furnishing hydro-mechanical power for flour milling. The hydro-electric water power equipment was later installed. The Commission stated in its Declaratory Order that

"In the period of 1925 through 1927, which was subsequent to the enactment of the Federal Water Power Act, Petitioner states that a substantial amount of structural work was accomplished, including the replacement of portions of the power house and the wheel pits and portions of the dam itself. In the period of 1928–29, Petitioner constructed a 33/2:3 KV substation and in 1962, it replaced some spalled concrete on the dam structure. The foregoing construction was accomplished without a license from the Federal Power Commission."

The Declaratory Order was issued December 30, 1963. Thereafter, the Commission granted a rehearing for further consideration of the issues and stayed the Declaratory Order. On March 17, 1964, the Commission issued its order denying petitioner's application for rehearing and directing petitioner to apply for a license. Minnesota Power & Light Company, 31 FPC 592.

The points relied upon by petitioner, the arguments advanced in support thereof and the Commission's response thereto are, with one exception, identical to those advanced in Northwest Paper Company case, supra.

The one exception relates to the so-called cutoff date. Petitioner asserts that "The only new works added to the project were constructed before 1935." From this statement it would appear that petitioner assumes that the Federal Power Act did not become applicable to its project until 1935. We do not subscribe to this theory. Sec. 23 of

the original Act of 1920 specifically provides that "the provisions of this Act shall not be construed as affecting any permit * * * heretofore granted." In no way does it limit the Commission's jurisdiction over pre-existing structures which have been substantially reconstructed subsequent to 1920. In our view, the August 26, 1935 amendment to Sec. 23 (49 Stat. 846, 16 U.S.C.A. §§ 816, 817) is nothing more than an express clarification of the congressional intent embodied in the original Act of 1920 which exempted from jurisdiction permits "heretofore granted," not to reconstructed projects.

Further discussion is unnecessary. The petitioner concedes in its brief,[1] and the Commission found that the project works authorized and constructed under the Special Act of 1886 no longer substantially exist and that the project has been rebuilt and modified a number of times since its initial construction.

 Accordingly, we agree with the Commission that the Special Act of 1886 does not authorize the continued maintenance and operation of the Little Falls Project. The order appealed from is affirmed for the reasons stated in our opinion in Northwest Paper Company et al. v. Federal Power Commission, supra.

VOGEL, Circuit Judge (dissenting).

The Special Act of Congress of July 3, 1886, 24 Stat. 123 ("Little Falls Act") is somewhat broader in its terms than the Special Act of Congress of April 15, 1886, 24 Stat. 12 ("Special Act") referred to in Northwest Paper Company, Petitioner,

v. Federal Power Commission, Respondent, No. 17,679, companion case to this one and decided this date. In the Little Falls Act, Congress authorized the Little Falls Water Power Company

" * * * *to improve and develop* the water-power in the Mississippi River at Little Falls, in the State of Minnesota, by *constructing, maintaining*, and operating in said river, at said Little Falls, dams, piers, sluice ways, canals, locks, ponds, breakwaters, abutments, and mill sites for manufacturing purposes * * *." (Emphasis supplied.)

It further provided:

" * * * the Secretary of War may at any time require such changes and alterations to be made in said works, at the expense of said water-power company, as he may deem advisable and necessary in the interests of navigation"; and

" * * * the right to alter, amend, or repeal this act is hereby expressly reserved."

Here the Special Act itself authorizes the "constructing, maintaining, and operating" of the project. Certainly that would include the right to repair, upkeep and, I believe also, the reconstruction of the facility authorized. I would hold that such authorization definitely comes within the exemption provided in the Federal Water Power Act of June 10, 1920, amended and reenacted in 1935, for the reasons referred to in my dissent in the Northwest Paper Company case.

I would reverse the Commission's order here, also.

---

1. "Subsequent to 1920, Project maintenance has included replacement of a substantial amount of the structural work done after 1912 because of inferior concrete. This work, accomplished in the period from 1925 through 1927, included the replacement of portions of the powerhouse and of the dam itself. During this period, substantial repairs were also required to restore a flashboard section of the concrete dam to operating condition. In 1928–29, a substation was constructed on the Project site. In 1962 maintenance required the replacement of some spalled concrete on a portion of the dam structure."